UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 17, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OPPENHEIMER ROCHESTER FUNDS
GROUP SECURITIES LITIGATION

MDL No. 2063

### TRANSFER ORDER

**Before the entire Panel**: Certain Oppenheimer[1] defendants have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York or, alternatively, the Eastern District of New York.  Remaining individual defendants join in this motion. Plaintiffs in two actions pending in the District of Colorado suggest centralization in the District of Colorado of actions involving two of the three Oppenheimer municipal bond funds[2] involved in this litigation; they take no position on whether four Northern District of California actions involving Oppenheimer California Municipal Fund should be included in Section 1407 proceedings.  Plaintiffs in six other actions variously support centralization of all actions in the Northern District of California, the District of Colorado or the Eastern District of New York.  Plaintiffs in two Northern District of California actions and the Western District of Pennsylvania action oppose centralization of actions involving different Oppenheimer municipal bond funds in one multidistrict proceeding.  If the Panel deems centralization of all actions appropriate, opponents variously support centralization in the Northern District of California, the District of Colorado or the Western District of Pennsylvania.

This litigation presently consists of thirteen actions listed on Schedule A and pending in five districts as follows: four actions each in the Northern District of California and the Eastern District of New York, three actions in the District of Colorado and one action each in the Southern District of New York and the Western District of Pennsylvania.[3]

---

[1] OppenheimerFunds, Inc.; OppenheimerFunds Distributor, Inc.; Oppenheimer California Municipal Fund; Rochester Fund Municipals; Oppenheimer Rochester National Municipals; and eight individual officers or trustees (collectively Oppenheimer).

[2] Rochester Fund Municipals and Oppenheimer Rochester National Municipals.

[3] While not included in the initial Section 1407 motion, the Western District of Pennsylvania action is included in our decision, because all parties to this action have stated their position on the matter before us in writing and at oral argument.

   The Panel has been notified that nine related actions have recently been filed.  These actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Colorado will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to (1) the operation of municipal bond markets and their liquidity, (2) the impact of market conditions on the types of assets held in the funds, (3) the risks inherent in certain types of holdings, including tobacco bonds and inverse floaters, (4) whether these types of investments were properly disclosed prior to October 2008, and/or (5) whether the concentration of these and other allegedly risky investments was contrary to the fundamental investment objectives and representations of the Oppenheimer municipal bond funds. Although four different municipal bond funds are involved in these thirteen actions, the investment strategies and public disclosures are similar and all funds are overseen by a common investment manager and distributor/underwriter. Thus, regardless of which municipal bond fund is involved in each action, all actions can be expected to focus on a number of common defendants and/or witnesses. *See In re Lehman Brothers Holdings, Inc., Securities & Employee Retirement Income Security Act (ERISA) Litigation*, 598 F.Supp.2d 1362 (J.P.M.L. 2009). Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

Opposing plaintiffs express reservations concerning the management of actions involving different Oppenheimer municipal bond funds in one MDL proceeding. Transfer to a single district under Section 1407, however, has the salutary effect of placing all related actions before one court which can formulate a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 2063 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. *See In re The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation,* 572 F.Supp.2d 1377 (J.P.M.L. 2008); *In re Mutual Funds Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004); *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378 (J.P.M.L. 1974).

We are persuaded that the District of Colorado is an appropriate transferee district for this litigation, because (1) three of the thirteen actions are already pending there along with three potential tag-along actions, and (2) parties, witnesses and documents will likely be found in or near Denver, Colorado.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Colorado are transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable John L. Kane, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: OPPENHEIMER ROCHESTER  FUNDS
GROUP SECURITIES LITIGATION                                              MDL No. 2063

## SCHEDULE A

<u>Northern District of California</u>

Robert Rivera v. Oppenheimer California Municipal Fund, et al., C.A. No. 3:09-567
Frank Tackmann v. OppenheimerFunds, Inc., et al., C.A. No. 3:09-1184
Stephen Lowe v. Oppenheimer California Municipal Fund, et al., C.A. No. 3:09-1243
Kenneth Milhem v. Oppenheimer California Municipal Fund, et al., C.A. No. 3:09-1414

<u>District of Colorado</u>

Brendan L. Bock v. Oppenheimer Rochester National Municipals Fund, et al., C.A. No. 1:09-550
Bernadette Begley v. Rochester Fund Municipals, et al., C.A. No. 1:09-703
Ellen Stokar v. Oppenheimer Rochester National Municipals Fund, et al., C.A. No. 1:09-706

<u>Eastern District of New York</u>

Lisl Bernstein, et al. v. Rochester Fund Municipals, et al., C.A. No. 1:09-807
Bert Vladimir v. Rochester Fund Municipals, et al., C.A. No. 1:09-866
Maureen E. Mershon v. Rochester Fund Municipals, et al., C.A. No. 1:09-1296
Robert Weiner v. Rochester Fund Municipals, et al., C.A. No. 1:09-1305

<u>Southern District of New York</u>

Bill Laufer, et al. v. Rochester National Municipals Fund, et al., C.A. No. 1:09-2433

<u>Western District of  Pennsylvania</u>

John R. Woods v. Oppenheimer Pennsylvania Municipal Fund, et al., C.A. No. 2:09-514